Lawrence Spasojevich (LS 1029)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:   (212) 374-0009
F:   (212) 374-9931
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MIGUEL ORTIZ VALENCIA, ALEJANDRO MARTINEZ,
JOSE LUIS BENITO RODRIGUEZ, VICTORINO VAZQUEZ,
SERGIO ARMIJOS, JUAN JIMENEZ RODRIGUEZ, JULIO G. TORRES,
PETRONILO ORTIZ, ARTURO VAZQUEZ, OMAR IVAN CHAVEZ CONTRERAS, and
CANDIDO GOMEZ,
*on behalf of themselves and similarly situated individuals*,

CASE NO.

Plaintiff,  **COMPLAINT**

-against-

EMPIRE STRUCTURAL GROUP, LLC, BAY BRIDGE ENTERPRISES LTD.,
BAY BRIDGE CONTRACTING, LLC, NICOLE FRANTELLIZZI,
and ANTHONY FRANTELLIZZI,

ECF Case,

Defendant.

---

Plaintiffs, MIGUEL ORTIZ VALENCIA, ALEJANDRO MARTINEZ, JOSE LUIS BENITO RODRIGUEZ, VICTORINO VAZQUEZ, SERGIO ARMIJOS, JUAN JIMENEZ RODRIGUEZ, JULIO G. TORRES, PETRONILO ORTIZ, ARTURO VAZQUEZ, OMAR IVAN CHAVEZ CONTRERAS, and CANDIDO GOMEZ, on behalf of themselves and similarly situated individuals, by and through their undersigned attorneys, Law Offices of James

F. Sullivan, P.C., hereby files this Complaint against Defendants, EMPIRE STRUCTURAL GROUP, LLC, BAY BRIDGE ENTERPRISES LTD., BAY BRIDGE CONTRACTING, LLC, NICOLLE FRANTELLIZZI, and ANTHONY FRANTELLIZZI, and states as follows:

## INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiffs and similarly situated individuals are entitled to recover from Defendant: (1) unpaid wages at the overtime wage rate; (2) prejudgment and post-judgment interest; and (3) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), Plaintiffs and similarly situated individuals are entitled to recover from the Defendant: (1) unpaid wages at the overtime wage rate; (2) unpaid wages; (3) statutory penalties; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff, MIGUEL ORTIZ VALENCIA, is an adult resident of Queens County, New York.

6. Plaintiff, ALEJANDRO MARTINEZ, is an adult resident of Kings County, New York.

7. Plaintiff, JOSE LUIS BENITO RODRIGUEZ, is an adult resident of New York County, New York.

8. Plaintiff, VICTORINO VAZQUEZ, is an adult resident of Bronx County, New York.

9. Plaintiff, SERGIO ARMIJOS, is an adult resident of Westchester County, New York.

10. Plaintiff, JUAN JIMENEZ RODRIGUEZ, is an adult resident of Queens County, New York.

11. Plaintiff, JULIO G. TORRES, is an adult resident of Bergen County, New Jersey.

12. Plaintiff, PETRONILO ORTIZ, is an adult resident of Queens County, New York.

13. Plaintiff, ARTURO VAZQUEZ, is an adult resident of Bronx County, New York.

14. Plaintiff, OMAR IVAN CHAVEZ CONTRERAS, is an adult resident of Bergen County, New Jersey.

15. Plaintiff, CANDIDO GOMEZ, is an adult resident of Kings County, New York.

16. Upon information and belief, Defendant, BAY BRIDGE ENTERPRISES LTD., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 800 Westchester Avenue, Suite 606, Rye Brook, New York 10573.

17. Upon information and belief, Defendant, BAY BRIDGE CONTRACTING, LLC, is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 800 Westchester Avenue, Suite 606, Rye Brook, New York 10573.

18. Upon information and belief, Defendant, EMPIRE STRUCTURAL GROUP, LLC, is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 214-41 42 Avenue, 4G, Bayside, New York 11361.

19. Upon information and belief, Defendant, NICOLE FRANTELLIZZI, is an owner, officer, director and/or managing agent of Defendants, BAYBRIDGE ENTERPRISES LTD. and BAY BRIDGE CONTRACTING, LLC, who maintains a business address of 800 Westchester Avenue, Suite 606, Rye Brook, New York 10573, and who participated in the day-to-day operations of corporate Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2 and the Regulations thereunder, and is jointly and severally liable with corporate Defendant.

20. Upon information and belief, Defendant, ANTHONY FRANTELLIZZI, is an owner, officer, director and/or managing agent of Defendants, BAYBRIDGE ENTERPRISES LTD. and BAY BRIDGE CONTRACTING, LLC, who maintains a business address of 800 Westchester Avenue, Suite 606, Rye Brook, New York 10573, and who participated in the day-to-day operations of corporate Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2 and the Regulations thereunder, and is jointly and severally liable with corporate Defendant.

21. At all relevant times, Defendants were, and continues to be, "enterprises engaged in commerce" within the meaning of the FLSA.

22. At all relevant times, the work performed by Plaintiffs and similarly situated individuals was directly essential to the business operated by Defendants.

23. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated individuals the overtime wage rate for all hours worked over forty (40) hours in week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

24. From in or about November 2014 to in or about May 2018, Plaintiff, MIGUEL ORTIZ VALENCIA, was hired by Defendants as a bricklayer.

25. During his employment by Defendants, Plaintiff, MIGUEL ORTIZ VALENCIA, worked fifty four (54) hours per week.

26. Plaintiff, MIGUEL ORTIZ VALENCIA's, work week comprised of six (6) days, Monday through Saturday, 7:00 a.m. to 4:00 p.m.

27. From in or about January 2016 to in or about February 2016, Plaintiff, MIGUEL ORTIZ VALENCIA, worked sixty four (64) hours a week, 7:00 a.m. to 6:00 p.m. Monday through Friday and 7:00 a.m. to 4:00 p.m. on Saturday.

28. Plaintiff, MIGUEL ORTIZ VALENCIA, was paid $13.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

29. From in or about October 2015 to in or about April 2017, Plaintiff, ALEJANDRO MARTINEZ, was hired by Defendants as a bricklayer.

30. During his employment by Defendants, Plaintiff, ALEJANDRO MARTINEZ, worked fifty four (54) hours per week.

31. Plaintiff, ALEJANDRO MARTINEZ's, work week comprised of six (6) days, Monday through Saturday, 7:00 a.m. to 4:00 p.m.

32. From in or about January 2016 to in or about February 2016, Plaintiff, ALEJANDRO MARTINEZ, worked sixty four (64) hours a week, 7:00 a.m. to 6:00 p.m. Monday through Friday and 7:00 a.m. to 4:00 p.m. on Saturday.

33. Plaintiff, ALEJANDRO MARTINEZ, was paid $13.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

34. From in or about November 2015 to in or about June 2016, Plaintiff, JOSE LUIS BENITO RODRIGUEZ, was hired by Defendants as a construction laborer.

35. During his employment by Defendants, Plaintiff, JOSE LUIS BENITO RODRIGUEZ, worked fifty four (54) hours per week.

36. Plaintiff, JOSE LUIS BENITO RODRIGUEZ's, work week comprised of six (6) days, Monday through Saturday, 7:00 a.m. to 4:00 p.m.

37. From in or about January 2016 to in or about February 2016, Plaintiff, JOSE LUIS BENITO RODRIGUEZ, worked sixty four (64) hours a week, 7:00 a.m. to 6:00 p.m. Monday through Friday and 7:00 a.m. to 4:00 p.m. on Saturday.

38. Plaintiff, JOSE LUIS BENITO RODRIGUEZ, was paid $15.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

39. From in or about November 2015 to in or about September 2016, Plaintiff, VICTORINO VAZQUEZ, was hired by Defendants as a mason.

40. During his employment by Defendants, Plaintiff, VICTORINO VAZQUEZ, worked fifty four (54) hours per week.

41. Plaintiff, VICTORINO VAZQUEZ's, work week comprised of six (6) days, Monday through Saturday, 7:00 a.m. to 4:00 p.m.

42. From in or about January 2016 to in or about February 2016, Plaintiff, VICTORINO VAZQUEZ, worked sixty four (64) hours a week, 7:00 a.m. to 6:00 p.m. Monday through Friday and 7:00 a.m. to 4:00 p.m. on Saturday.

43. Plaintiff, VICTORINO VAZQUEZ, was paid $25.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

44.     From in or about November 2015 to in or about November 2016, Plaintiff, SERGIO ARMIJOS, was hired by Defendants as a mason.

45.     During his employment by Defendants, Plaintiff, SERGIO ARMIJOS, worked fifty four (54) hours per week.

46.     Plaintiff, SERGIO ARMIJOS's, work week comprised of six (6) days, Monday through Saturday, 7:00 a.m. to 4:00 p.m.

47.     From in or about January 2016 to in or about February 2016, Plaintiff, SERGIO ARMIJOS, worked sixty four (64) hours a week, 7:00 a.m. to 6:00 p.m. Monday through Friday and 7:00 a.m. to 4:00 p.m. on Saturday.

48.     Plaintiff, SERGIO ARMIJOS, was paid $22.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

49.     From in or about November 2015 to in or about April 2016, Plaintiff, JUAN JIMENEZ RODRIGUEZ, was hired by Defendants as a construction laborer.

50.     During his employment by Defendants, Plaintiff, JUAN JIMENEZ RODRIGUEZ, worked sixty (60) hours per week.

51.     Plaintiff, JUAN JIMENEZ RODRIGUEZ's, work week comprised of six (6) days, Monday through Saturday, 7:00 a.m. to 5:00 p.m.

52.     Plaintiff, JUAN JIMENEZ RODRIGUEZ, was paid $10.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

53.     From in or about May 2015 to in or about April 2016, Plaintiff, JULIO G. TORRES, was hired by Defendants as a construction laborer.

54.     During his employment by Defendants, Plaintiff, JULIO G. TORRES, worked fifty four hours (54) hours per week.

55. Plaintiff, JULIO G. TORRES's, work week comprised of six (6) days, Monday through Saturday, 7:00 a.m. to 4:30 p.m.

56. Plaintiff, JULIO G. TORRES, was paid $25.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

57. From in or about November 2015 to in or about November 2016, Plaintiff, PETRONILO ORTIZ, was hired by Defendants as a construction laborer.

58. During his employment by Defendants, Plaintiff, PETRONILO ORTIZ, worked sixty six (66) hours per week.

59. Plaintiff, PETRONILO ORTIZ's, work week comprised of six (6) days, Monday through Saturday, 7:00 a.m. to 6:00 p.m.

60. Plaintiff, PETRONILO ORTIZ, was paid $25.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

61. From in or about October 2015 to in or about December 2016, Plaintiff, ARTURO VAZQUEZ, was hired by Defendants as a mason.

62. During his employment by Defendants, Plaintiff, ARTURO VAZQUEZ, worked forty eight (48) hours per week.

63. Plaintiff, ARTURO VAZQUEZ's, work week comprised of six (6) days, Monday through Saturday, 7:00 a.m. to 3:30 p.m.

64. Plaintiff, ARTURO VAZQUEZ, was paid $25.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

65. From in or about October 2015 to in or about December 2016, Plaintiff, OMAR IVAN CHAVEZ CONTRERAS, was hired by Defendants as a mason.

66.     During his employment by Defendants, Plaintiff, OMAR IVAN CHAVEZ CONTRERAS, worked forty eight (48) hours per week.

67.     Plaintiff, OMAR IVAN CHAVEZ CONTRERAS's, work week comprised of six (6) days, Monday through Saturday, 7:00 a.m. to 3:30 p.m.

68.     Plaintiff, OMAR IVAN CHAVEZ CONTRERAS, was paid $17.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

69.     From in or about November 2015 to in or about November 2016, Plaintiff, CANDIDO GOMEZ, was hired by Defendants as a construction laborer.

70.     During his employment by Defendants, Plaintiff, CANDIDO GOMEZ, worked fifty four (54) hours per week.

71.     Plaintiff, CANDIDO GOMEZ's, work week comprised of six (6) days, Monday through Saturday, 7:00 a.m. to 4:30 p.m.

72.     Plaintiff, CANDIDO GOMEZ, was paid $15.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

73.     Defendants did not utilize a time keeping device at the work place to track hours worked by Plaintiffs or similarly situated individuals.

74.     Plaintiffs and similarly situated individuals were not properly compensated wages at the overtime wage rate for all hours worked over forty (40) in a work week.

75.     Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiffs and similarly situated individuals wages for the hours worked over forty (40) hours in a week at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

76. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

77. Defendants did not provide Plaintiffs and similarly situated individuals with a wage statement or summary, accurately accounting for their actual hours worked, and setting forth their hourly rate of pay and overtime wages.

78. Upon information and belief, this was done in order to disguise the actual number of hours the employees worked and to avoid paying them an overtime wage for all hours worked over forty (40) hours in week.

79. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

80. Plaintiffs and similarly situated individuals have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT 1

**[Violation of the Fair Labor Standards Act]**

81. Plaintiffs and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "80" of this Complaint as if fully set forth herein.

82. At all relevant times, upon information and belief, Defendants were and continues to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

83. At all relevant times, Defendants employed Plaintiffs and similarly situated individuals within the meaning of the FLSA.

84. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

85. Plaintiffs and similarly situated individuals are entitled to be paid for all hours worked over forty (40) hours in week at the overtime wage rate as provided for in the FLSA.

86. Defendants failed to pay Plaintiffs and similarly situated individuals' compensation in the lawful amount for all hours worked over forty (40) hours in week as provided for in the FLSA.

87. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay Plaintiffs and similarly situated individuals for all hours worked over forty (40) hours in week in a work week at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

88. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by its failure to compensate Plaintiffs and similarly situated individuals for all hours worked over forty (40) hours in week at the overtime wage rate when they knew or should have known such was due and that non-payment of a minimum wage and overtime rate would financially injure Plaintiffs and similarly situated individuals.

89. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

90. Records, if any, concerning the number of hours worked by Plaintiffs and similarly situated individuals and the actual compensation paid to Plaintiffs and similarly situated individuals are in the possession and custody of the Defendants. Plaintiffs and similarly situated individuals intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

91. Defendants failed to properly disclose or apprise Plaintiffs and similarly situated individuals of their rights under the FLSA.

92. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and similarly situated individuals are entitled to liquidated damages pursuant to the FLSA.

93. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs and similarly situated individuals suffered damages in an amount not presently ascertainable of unpaid wages at the overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest thereon.

94. Plaintiffs and similarly situated individuals are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

**[Violation of the New York Labor Laws]**

95. Plaintiffs and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "94" of this Complaint as if fully set forth herein.

96. The wage provisions of the NYLL apply to the Defendants and protect the Plaintiffs and similarly situated individuals.

97. Defendants, pursuant to their policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiffs and similarly situated individuals for all hours worked over forty (40) hours in week and failed to pay a wage of all hours worked.

98. By failing to compensate Plaintiffs a wage for all hours worked over forty (40) hours in week at the overtime wage rate and failing to pay a wage for all hours worked, Defendants violated Plaintiff and similarly situated individuals' statutory rights under the NYLL.

99. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

100. Therefore, Defendants knowingly and willfully violated Plaintiffs and similarly situated individuals' rights by failing to pay Plaintiffs and similarly situated individuals compensation for all hours worked over forty (40) hours in week in a work week at the overtime wage rate and failing to pay a wage for all hours worked.

101. Due to the Defendants' NYLL violations, Plaintiffs and similarly situated individuals are entitled to recover from the Defendants unpaid wages at the overtime wage rate, unpaid wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198. Plaintiffs and similarly situated individuals also seek liquidated damages pursuant to NYLL § 663(1).

## COUNT 3

### [Failure to provide a Wage Notice]

102. Plaintiffs and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "101" of this Complaint as if fully set forth herein.

103. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

104. Defendants have willfully failed to supply Plaintiffs and similarly situated individuals with a wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of their employment.

105. Through its knowing or intentional failure to provide the Plaintiffs and similarly situated individuals with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

106. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and similarly situated individuals are entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiffs and similarly situated individuals with a wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4

### [Failure to provide Wage Statements]

107. Plaintiffs and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "106" of this Complaint as if fully set forth herein.

108. Defendants have willfully failed to supply Plaintiffs and similarly situated individuals with an accurate wage statement, as required by NYLL, § 195(3).

109. Through its knowing or intentional failure to provide the Plaintiffs and similarly situated individuals with a wage statement as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

110. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and similarly situated individuals are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that the Defendants failed to provide Plaintiffs and similarly situated individuals with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and similarly situated individuals request that this Court grant the following relief:

(a) An award of unpaid wages at the overtime wage rate due under the FLSA;

(b) An award of liquidated damages as a result of Defendant' failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages at the overtime wage rate under the NYLL;

(d)     An award of liquidated damages and statutory penalties as a result of Defendant' failure to pay wages at the overtime wage rate, failure to provide wage notices, and failure to provide wage statements pursuant to the NYLL;

(e)     An award of prejudgment and post-judgment interest;

(f)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       September 25, 2018

Respectfully submitted

By:_____
Lawrence Spasojevich (LS 1029)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:     (212) 374-0009
F:     (212) 374-9931
*Attorneys for Plaintiff*
ls@jfslaw.net