## SETTLEMENT AGREEMENT AND RELEASE

IT IS HEREBY STIPULATED AND AGREED between Miguel Ortiz Valencia, Alejandro Martinez, Jose Luis Benito Rodriguez, Victorino Vazquez, Sergio Armijos, Juan Jimenez Rodriguez, Julio G. Torres, Petronilo Ortiz, Arturo Vazquez, Omar Ivan Chavez Contreras and Candido Gomez (jointly hereafter referred to as "Releasors" or "Employees") on one hand, and Empire Structural Group, LLC, Bay Bridge Enterprises Ltd, Aby Bridge Contracting, LLC, Nicole Frantellizzi and Anthony Frantellizzi ("Empire" or "Releasees") and any affiliated entity of Releasees, including any sister company, subsidiary or parent company, any officer, shareholder or member of the Releasees's Board of Directors and any agents, employees, principals, partners, officers, successors, and assigns of Releasees, both individually and in their official capacities (collectively hereafter referred to as "Empire", "Releasees" or "Employer") this 22 day of November, 2019, that any Releasor whose employment with Releasees ceased prior to the execution of this Agreement and Release will not seek to reenter the employ of Releasees.

In return for the good and sufficient consideration set forth below, Releasors and Releasees agree to resolve all claims against each other, as follows:

1. Releasees shall pay Releasors a total sum of fifty five thousand nine hundred fifty six dollars and ninety six cents ($55,956.96) payable as follows:

A. One check payable to Law Offices of James F. Sullivan, P.C. in the amount of $18,652.32 in attorneys' fees;

Checks payable to the Releasors as follows:

| | |
|---|---|
| Miguel Ortiz Valencia- | $3,345.12 |
| Alejandro Martinez- | $2,427.93 |
| Jose Luis Benito Rodriguez- | $3,242.18 |
| Victorino Vazquez- | $3,106.68 |
| Sergio Armijos- | $4,968.72 |
| Juan Jimenez Rodriguez- | $2,949.77 |
| Julio G. Torres- | $4,030.33 |
| Petronilo Ortiz- | $4,083.79 |
| Arturo Vazquez- | $2,586.17 |
| Omar Ivan Chavez Contreras- | $3,552.83 |

1

Candido Gomez-          $3,011.12

The above payments to Releasors represent payment of (a) unpaid wages (50% of total) liquidated damages (50% of total ) in equal amounts. Releasees shall issue the payments above, within thirty (30) days after the Court has approved these terms of settlement. If the settlement is not approved by the Court within thirty (30) days after submission to the Court, Releasees shall make the above payments within in ten (10) days after the Court has approved these terms of settlement.

        2.     In return for the consideration described above, Releasors and Releasees release and forever discharge each other, their agents, employees, successors, and assigns, and all affiliated business entities, both individually and in their official capacities, from any and all claims, causes of action, suits, back-wages, benefits, attorneys' fees, pain and suffering, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, charges, complaints and demands whatsoever, in law, or equity, of any and every kind, nature and character, known or unknown, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§201, et seq., as amended, and related regulations, the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor and any other claims for alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, liquidated damages, interest, costs, penalties or attorneys' fees under any federal, state or local laws, as well as any claims for retaliation pursuant to the FLSA, 29 U.S.C. §215, and the NYLL, Labor Law §215, based upon any conduct occurring from the beginning of the world to the date of the Plaintiff's execution of this Agreement, against each other, their agents, successors and assigns, both individually and in their official capacities, from the beginning of the world to the date of this Agreement.

        3.     Releasors promise and represent that they will withdraw, with prejudice, or stipulate to dismiss with prejudice, any and all outstanding administrative complaints or charges, filed with federal, state and local agencies/administrative bodies arising out of the wages paid each and/or any Releasor by Releasees and will also withdraw with prejudice all judicial actions, as well as any and all other lawsuits, claims, demands, appeals or actions pending against Releasees (as defined above) arising out of the wages paid Releasor by Releasees, including, but

not limited to the Complaint pending in the United States District Court for the Southern District of New York, bearing Case Number 1:18-cv-08848, and will not file any other administrative or judicial complaints, charges, lawsuits, claims, demands, appeals or actions of any kind based on the wages paid Releasors during their individual employment with Releasees. In the event any such complaints, charges, lawsuits, claims, demands, appeals or actions are not withdrawn or are filed due to circumstances beyond any Releasor's control, each Releasor promises and represents that he will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceedings connected with or resulting from such complaints, charges, lawsuits, claims, demands, appeals or actions and that he will execute such papers or documents as Releasees determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice.

In the event any Releasor is subpoenaed to testify concerning wages paid by Releasees, he will immediately notify Releasees to permit Releasees a reasonable opportunity to seek to quash or modify any such subpoena.

4. Releasors agree and understand that nothing contained in this Agreement and Release is an admission by Releasees of any liability, breach of duty or unlawful conduct whatsoever or violation of any local, state or federal law, regulation or ordinance.

5. This Agreement and Release may not be modified, altered or changed except upon express written consent of both Releasors and Releasees.

6. **Releasors have been and are hereby advised to consult legal counsel regarding this Agreement and Release. Each Releasor represents that he has consulted legal counsel regarding this Agreement and Release.** Each Releasor further represents that after having had a full opportunity to review and consider the terms and conditions of this Agreement and Release, and having discussed them with any member of any of his immediate family, counsel or financial advisor of his own choosing, and having had sufficient time to review and consider this Agreement and Release, he fully understands all of the provisions of this Agreement and Release and has executed same freely and voluntarily.

7.    This Agreement and Release contains the parties' entire agreement, and there are no agreements or representations that are not set forth herein. All prior negotiations, agreements, and understandings of the parties are superseded by this Agreement and Release.

8.    Each Releasor shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement and Release.

9.    No ambiguity in this Agreement and Release may be construed against the drafter.

10.   The entirety of this Agreement and Release is binding upon each Releasor, his heirs, executors, administrators, agents, successors, and assigns, but each Releasor's obligations and right to any payments hereunder are not assignable by said Releasor without the express written consent of Releasees.

11.   This Agreement and Release shall be subject to and governed by the laws of the State New York. Any action to enforce the terms of this Agreement and Release must be brought in the Supreme Court of the State of New York, County of Kings or the United States District Court for the Eastern District of New York and all parties hereto agree to submit to the personal jurisdiction of said Courts.

12.   If any term or provision of this Agreement and Release or the application thereof to any person or circumstance, shall to any extent be found invalid or unenforceable, the remainder of the Agreement and Release, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement and Release shall be valid and be enforced to the fullest extent permitted by law.

13.   Releasor shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement and Release.

14.   Each of the covenants contained herein is a separate and independent covenant. A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these parties) shall not relieve either party of any remaining obligations hereunder.

15. In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required deductions or withholding from the sums to be paid hereunder to Releasor as part of this Agreement and Release, Releasor shall pay his own share (as a former employee) of that assessment. Releasor also agrees to pay or indemnify and hold Releasees harmless for and from any and all related withholding taxes, interest or penalties incurred by Releasees, which it may be required to pay to any taxing authorities relating to any payments made to Releasor pursuant to this Agreement.

16. This Agreement and Release may be executed in counterparts.

IN WITNESS WHEREOF, the Releasor and Releasees hereunto set their hands this 22 day of November, 2019

Empire Structural Group, LLC,

By _____
Anthony Frantellizzi, individually
and in his official capacity

Bay Bridge Enterprises Ltd,

By _____
Anthony Frantellizzi, in his official capacity

BayBridge Contracting, LLC,

By _____
Anthony Frantellizzi, in his official capacity

Nicole Frantellizzi

_____

_____
Miguel Ortiz Valencia

_____
Alejandro Martinez

_____
Jose Luis Benito Rodriguez

_____
Victorino Vazquez

5

_____
Sergio Armijos

_____
Julio G. Torres

_____
Arturo Vazquez

_____
Candido Gomez

_____
Juan Jimenez Rodriguez

_____
Petronilo Ortiz

_____
Omar Ivan Chavez Contreras

15. In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required deductions or withholding from the sums to be paid hereunder to Releasor as part of this Agreement and Release, Releasor shall pay his own share (as a former employee) of that assessment. Releasor also agrees to pay or indemnify and hold Releasees harmless for and from any and all related withholding taxes, interest or penalties incurred by Releasees, which it may be required to pay to any taxing authorities relating to any payments made to Releasor pursuant to this Agreement.

16. This Agreement and Release may be executed in counterparts.

IN WITNESS WHEREOF, the Releasor and Releasees hereunto set their hands this 22 day of November, 2019

Empire Structural Group, LLC,

By_____,

Anthony Frantellizzi, individually
and in his official capacity

Bay Bridge Enterprises Ltd,

By_____

Anthony Frantellizzi, in his official capacity

BayBridge Contracting, LLC,

By_____
Anthony Frantellizzi, in his official capacity

*[signature]*
Miguel Ortiz Valencia

Nicole Frantellizzi

_____

Alejandro Martinez

_____
Jose Luis Benito Rodriguez

_____
Victorino Vazquez

5

| | |
|---|---|
| _____ <br> Sergio Armijos | _____ <br> Juan Jimenez Rodriguez |
| _____ <br> Julio G. Torres | _____*[signature]*_____ <br> Petronilo Ortiz |
| _____ <br> Arturo Vazquez | _____ <br> Omar Ivan Chavez Contreras |
| _____ <br> Candido Gomez | |