# Law Offices of
# James F. Sullivan, P.C.

52 Duane Street, 7th Floor
New York, New York 10007
Tel (212) 374-0009
Fax (212) 374-9931

December 20, 2019

Hon. Barbara Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312
**Filed via ECF**

RE:   Valencia, Miguel Ortiz et. al. v. Empire Structural Group, LLC et. al.
       Case No.: **1:18-cv-08848** (Settlement Approval)

Dear Judge Moses:

Plaintiffs, MIGUEL ORTIZ VALENCIA, ALEJANDRO MARTINEZ, JOSE LUIS BENITO RODRIGUEZ, VICTORINO VAZQUEZ, SERGIO ARMIJOS, JUAN JIMINEZ RODRIGUEZ, JULIO G. TORRES, PETRONILO ORTIZ, ARTURO VAZQUEZ, OMAR IVAN CHAVES CANTRERAS AND CANDIDO GOMEZ, ("Plaintiffs"), and Defendants, EMPIRE STRUCTURAL GROUP, LLC, BAY BRIDGE ENTERPRISES LTD., BAY BRIDGE CONTRACTIC, LLC, NICOLE FRANTELLIZZI and ANTHONY FRANTELLIZZI, ("Defendants") jointly request that Your Honor review and approve the settlement reached in this matter. A copy of the executed settlement agreement is annexed herein as Exhibit "**A**".

## BACKGROUND

Plaintiff filed a Complaint on November 13, 2018 asserting that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay wages at the overtime rate, failing to pay for all hours worked, failing to provide a wage notice pursuant to §195(1) of the NYLL, and failing to provide accurate wage statements pursuant to §195(3) of the NYLL. At the Court ordered mediation, the parties reached a settlement and now request the Court's approval of same.

## CLAIMS AND DEFENSES

Plaintiff, MIGUEL ORTIZ VALENCIA, claimed he was employed by the Defendants as a bricklayer from November 2014 to May 2018. Plaintiff ALEJANDRO MARTINEZ claimed he was employed by Defendants as a bricklayer from October 2015 to April 2017. Plaintiff JOSE LUIS BENITO RODRIGUEZ claimed he was employed by Defendants as a construction laborer from November 2015 to June 2016. Plaintiff VICTORINO VAZQUEZ claimed he was employed by Defendants as a construction laborer from November 2015 to June 2016. Plaintiff SERGIO ARMIJOS claimed he was employed by Defendants as a mason from November 2015

to November 2016.  Plaintiff JUAN JIMINEZ RODRIGUEZ claimed he was employed by Defendants as a construction laborer from November 2015 to April 2016.  Plaintiff JULIO G. TORRES claimed he was employed by Defendants as a bricklayer from May 2015 to April 2016.  Plaintiff PETRONILO ORTIZ claimed he was employed by Defendants as a construction laborer from November 2015 to November 2016.  Plaintiff ARTURO VAZQUEZ claimed he was employed by Defendants as a mason from October 2015 to December 2016.  Plaintiff OMAR IVAN CHAVEZ CONTRERAS claimed he was employed by Defendants as a mason from October 2015 to December 2016.  Plaintiff CANDIDO GOMEZ claimed he was employed by Defendants as a construction laborer from November 2015 to November 2016.  Plaintiffs filed a complaint, alleging that Defendants failed to pay them in accordance under the FLSA, 29 U.S.C. §§ 201 *et seq*. and the NYLL. Further, Plaintiff also sought statutory damages based on Defendants' alleged failure to provide certain wage notices and earning statements that are required under the portion of the NYLL referred to as the Wage Theft Prevention Act.

**Defendants' Response**

Defendants have payroll records that contradict the Plaintiffs' claims.  Such payroll records are generally afforded significant deference and may be the basis for summary judgment, Perez v G & P Auto Wash Inc., 930 F Supp 2d 423, 434 [EDNY 2013]; *See Also,* Chao v Pac. Stucco, Inc., 2:04CV0891-RCJ-GWF, 2006 WL 2432862, at *6 [D Nev Aug. 21, 2006]; Daniels v 1710 Realty LLC, 497 Fed Appx 137, 139 [2d Cir 2012].  Consequently, this matter would likely require trial as there are apparently genuine issues of material fact, in dispute.  Considering the contradictory evidence, each side had a chance to expend significant time and money for minimal reward, if any.

Further Defendants are finding themselves in a financially difficult position.  Therefore, should Plaintiffs have chosen to fight for a greater recovery, they could have lost by virtue of Defendant's payroll records.  Even if successful, however, they may have received nothing as Defendants may prove uncollectible and collectability should be considered in determining fundamental fairness of a settlement, Ansoumana v Gristede's Operating Corp., 2004 WL 504319, at *2 [SDNY Jan. 7, 2004]; *Accord,* Simmons v Rose Training Inst., Inc., 2008 WL 3981219, at *2 [MD Fla Aug. 22, 2008].  *See Also,* Kituskie v Corbman, 552 Pa 275, 281-82, 714 A2d 1027, 1030 [1998]

Consequently a settlement, as envisioned herein, was most cost effective for all concerned.

## SETTLEMENT AMOUNT

This matter was resolved through agreement by Parties in the monetary amount of $55,956.96, with Plaintiffs receiving funds as delineated below:

| | |
|---|---|
| Miguel Ortiz Valencia: | $3,345.12 |
| Alejandro Martinez: | $2,427.93 |
| Jose Luis Benito Rodriguez: | $3,242.18 |

| | |
|---|---|
| Victorino Vazquez: | $3,106.88 |
| Sergio Armijos: | $4,968.72 |
| Juan Jiminez Rodriguez: | $2,949.77 |
| Julio G. Torres: | $4,030.33 |
| Petronilo Ortiz: | $4,083.79 |
| Arturo Vazquez: | $2,586.17 |
| Omar Ivan Chaves Contreras: | $3,552.83 |
| Candido Gomez: | $3,011.12 |

. Law Offices of James F. Sullivan will receive $18,652.32 in attorneys' fees and Plaintiff's counsel has agreed to waive all costs associated with the lawsuit incurred to date.

Plaintiff MIGUEL ORTIZ VALENCIA claimed that he worked 64 hours per week without being paid overtime. Therefore, Plaintiff MIGUEL ORTIZ VALENCIA best case award would be $16,330.00 representing $3,165.00 for unpaid overtime wages, $3,165.00 in liquidated damages and $10,000.00 for violations of the Wage Theft Prevention Act.

Thus, a settlement of $3,345.12 - which compensates Plaintiff for wages owed, as alleged by the Plaintiff-is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel.

Plaintiff ALEJANDRO MARTINEZ claimed that he worked 64 hours per week without being paid overtime. Therefore, Plaintiff ALEJANDRO MARTINEZ best case award would be $11,852.50 representing $926.25 for unpaid overtime wages, $926.25 in liquidated damages and $10,000.00 for violations of the Wage Theft Prevention Act.

Thus, a settlement of $2,427.93 - which compensates Plaintiff for wages owed, as alleged by the Plaintiff-is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel.

Plaintiff JOSE LUIS BENITO RODRIGUEZ claimed that he worked 54 hours per week without being paid overtime. Therefore, Plaintiff JOSE LUIS BENITO RODRIGUEZ best case award would be $15,827.50 representing $2,913.75 for unpaid overtime wages, $2,913.75 in liquidated damages and $10,000.00 for violations of the Wage Theft Prevention Act.

Thus, a settlement of $3,242.18 - which compensates Plaintiff for wages owed, as alleged by the Plaintiff-is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel.

Plaintiff VICTORINO VAZQUEZ claimed that he worked 64 hours per week without being paid overtime. Therefore, Plaintiff VICTORINO VAZQUEZ best case award would be $15,166.00 representing $2,583.00 for unpaid overtime wages, $2,583.00 in liquidated damages and $10,000.00 for violations of the Wage Theft Prevention Act.

Thus, a settlement of $3,106.88 - which compensates Plaintiff for wages owed, as alleged by the Plaintiff-is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel.

Plaintiff SERGIO ARMIJOS claimed that he worked 64 hours per week without being paid overtime. Therefore, Plaintiff SERGIO ARMIJOS best case award would be $24,256.00 representing $7,128.00 for unpaid overtime wages, $7,256.00 in liquidated damages and $10,000.00 for violations of the Wage Theft Prevention Act.

Thus, a settlement of $4,968.72 - which nearly compensates Plaintiff for wages owed, as alleged by the Plaintiff-is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel.

Plaintiff JUAN JIMINEZ RODRIGUEZ claimed that he worked 60 hours per week without being paid overtime. Therefore, Plaintiff JUAN JIMINEZ RODRIGUEZ best case award would be $24,400.00 representing $7,200.00 for unpaid overtime wages, $7,200.00 in liquidated damages and $10,000.00 for violations of the Wage Theft Prevention Act.

Thus, a settlement of $2,949.77 - which nearly compensates Plaintiff for wages owed, as alleged by the Plaintiff-is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel.

Plaintiff JULIO G. TORRES claimed that he worked 64 hours per week without being paid overtime. Therefore, Plaintiff JULIO G. TORRES best case award would be $19,675.00 representing $4,837.50 for unpaid overtime wages, $4,837.50 in liquidated damages and $10,000.00 for violations of the Wage Theft Prevention Act.

Thus, a settlement of $4,030.33 - which nearly compensates Plaintiff for wages owed, as alleged by the Plaintiff-is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel.

Plaintiff PETRONILO ORTIZ claimed that he worked 66 hours per week without being paid overtime. Therefore, Plaintiff PETRONILO ORTIZ best case award would be $19,936.00 representing $4,968.00 for unpaid overtime wages, $4,968.00 in liquidated damages and $10,000.00 for violations of the Wage Theft Prevention Act.

Thus, a settlement of $4,083.79 - which nearly compensates Plaintiff for wages owed, as alleged by the Plaintiff-is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel.

Plaintiff ARTURO VAZQUEZ claimed that he worked 48 hours per week without being paid overtime. Therefore, Plaintiff ARTURO VAZQUEZ best case award would be $12,265.00 representing $1,312.50 for unpaid overtime wages, $1,312.50 in liquidated damages and $10,000.00 for violations of the Wage Theft Prevention Act.

Thus, a settlement of $2,586.17 - which compensates Plaintiff for wages owed, as alleged by the Plaintiff-is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel.

Plaintiff OMAR IVAN CHAVES CONTRERAS claimed that he worked 48 hours per week without being paid overtime. Therefore, Plaintiff OMAR IVAN CHAVES CONTRERAS best case award would be $17,344.00 representing $3,672.00 for unpaid overtime wages, $3,672.00 in liquidated damages and $10,000.00 for violations of the Wage Theft Prevention Act.

Thus, a settlement of $3,552.83 - which nearly compensates Plaintiff for wages owed, as alleged by the Plaintiff-is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel.

Plaintiff CANDIDO GOMEZ claimed that he worked 54 hours per week without being paid overtime. Therefore, Plaintiff CANDIDO GOMEZ best case award would be $14,699.50 representing $2,349.75 for unpaid overtime wages, $2,349.75 in liquidated damages and $10,000.00 for violations of the Wage Theft Prevention Act.

Thus, a settlement of $3,011.12 - which compensates Plaintiff for wages owed, as alleged by the Plaintiff-is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel.

## **ATTORNEY FEES**

In accordance with Plaintiff' professional services-contingency fee agreement with the Plaintiff' counsel, the settlement agreement provides that Plaintiff' counsel will receive $18,652.32 in attorney's fees. Plaintiff's counsel has agreed to waive all costs associated with the lawsuit incurred to date. Pursuant to the retainer agreement, Plaintiff' counsel is to receive one third of any recovery and be reimbursed for all expenses incurred. To date Plaintiff' counsel bore all costs of litigation and litigated a risky FLSA/NYLL case without compensation of any kind to date and their fee has been wholly contingent upon the result achieved.

Here the attorney fee which accounts for one third of the total settlement amount, is consistent with contingency fee agreements that are commonly approved in the Second Circuit in FLSA cases. *Najera v. Royal Bedding Company, LLC,* No. 13-cv-1767, 2015 WL 3540719 (E.D.N.Y. June 3, 2015); *Rangel v. Grand St. Meat & Produce Corp.,* No. 13-cv-3234 (E.D.N.Y. Sept. 19, 2013)

A cross-check of contingency fees, the Courts routinely look to the lodestar method. *See Sakiko Fujiwara v. Sushi Yasuda Ltd.,* 58 F.Supp.3d 424 (S.D.N.Y. 2014).

The amount of attorney's fees to which a party is entitled is based on the presumptively reasonable fee, sometimes called the lodestar. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189-90 (2d Cir. 2008). The presumptively reasonable fee is the product of the reasonable hours in the case and the reasonable hourly rate. *Millea v. Metro-N R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011).

The reasonable hourly rate is determined by whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 (1984). However, the Court may adjust the hourly rate to account for other case-specific variables, *Arbor Hill*, 522 F.3d at 184, including the factors set forth in *Johnson v. Georgia Highway Express, Inc.*:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved or the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability of the case;' (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 43o n.3 (1983) (citing *Johnson*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989); *see also Arbor Hill*, 522 F.3d at 186 n.3 (citing the *Johnson* factors).

But the Court need not make separate findings as to all twelve *Johnson* factors. *Lochren v. Cnty. of Suffolk*, 344 Fed. App'x 706, 709 (2d Cir. 2009).

Recent reasonable hourly rates awarded in similar cases range from $200 to $600 per hour for similar small firms. *See Rosendo v. Everbrighten Inc.*, No. 13 CV 7256, 2015 U.S. Dist. LEXIS 50323, at *23-24 (S.D.N.Y. Apr. 7, 2015) (finding rates for three attorneys from a small firm specializing in wage and hour litigation over five other cases to be from $200 to $425 and awarding between $225 and $400); *Guallpa v. NY Pro Signs Inc.*, No. 11 CV 3133, 2014 U.S. Dist. LEXIS 77033, at *28-30 (S.D.N.Y. May 27, 2014) (finding rates for three attorneys from one small firm over three other wage and hour cases to be from $350 to $600 and awarding within the same range in wage and hour case).

Here, Plaintiff seek an hourly rate of $400.00 for James F. Sullivan, an attorney and owner of the Law Offices of James F. Sullivan, P.C. ("JFS"). James F. Sullivan is a 1996 graduate of St. John's University School of Law. Mr. Sullivan is admitted to practice in New York (1997), New Jersey (1996), United State District Court, Southern District (2008) and Eastern District (2018) of New York. James Sullivan served as a Court Attorney in the Civil Court of the City of New York, Queens County from 1997 to 2000. He then joined the in-house law firm for a major insurance company, before starting his own firm in 2002. Mr. Sullivan has tried numerous cases to verdict in jury trials in New York State Courts. Mr. Sullivan has also tried multiple bench trials and numerous arbitrations. Mr. Sullivan has a practice that is primarily focused on litigation of personal injury cases, FLSA actions and insurance claims.

Further, Plaintiff seek an hourly rate of $400.00 for Lawrence Spasojevich, an attorney at the Law Offices of James F. Sullivan, P.C. Lawrence Spasojevich is a 2009 graduate of the

University of San Diego School of Law. Lawrence Spasojevich was admitted to the New York State Bar in 2011, admitted to the United States District Court, Southern District of New York in 2018, and admitted to the United States District Court, Eastern District of New York in 2018. Ninety percent (90%) of Lawrence Spasojevich's case load concentrates on wage and hour matters, either individual, multi-plaintiff, or collective actions, in the Eastern District of New York, Southern District of New York, and New York State Courts. Prior to joining JFS, Lawrence Spasojevich was an Assistant General Counsel, Level III at the Office of the Mayor, Office of Labor Relations for the City of New York where he was involved in wage and hour disputes, FMLA actions, and collective bargaining.

    Here, the fee amount of $18,652.32 is greater than the lodestar amount of $7,900.00 Contemporaneous time records of work performed in relation to the case are attached hereto as Exhibit "**B**". The proposed allocation represents a lodestar multiplier of 2.36. Although the lodestar multiplier is determinative only for a common fund settlement, Courts have considered it in individual settlements, and here it is in line with settlements approved in other cases. *See, e.g., Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (awarding fee that represented 2.28 multiplier of modified lodestar calculation and noting that "multiplier near 2 compensates [Plaintiff' counsel] appropriately"). The Plaintiff and the Plaintiff' counsel have a contingent fee agreement compensating the Plaintiff' counsel one third of any settlement plus prepaid costs and expenses, which Plaintiff' counsel is waiving. Nothing additional is to be paid by the Plaintiff to the Plaintiff' counsel.

## THE SETTLEMENT SHOULD BE APPROVED

    Court approval of an FLSA settlement is appropriate when the settlement reached as a result of contested litigation resolves bona fide disputes." *Johnson v. Brennan,* No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. 2011). "If the proposed settlement reflects a reasonable compromise over contested issues "the court should approve the settlement." Id. (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1351 n. 8 (11th Cir. 1982). Plaintiff's recovery – after attorney's fees – is clearly fair and reasonable. *See, e.g., Meigel v. Flowers of the World. NYC. Inc.,* No. 11, Civ. 465, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an accurate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); *Hernandez v. C-Penn Foods Inc.,* No. 11 Civ. 7410, 2011 U.S. Dist LEXIS 144978 at *2 (S.D.N.Y. 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arms-length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.").

    Plaintiff' recollection of their hours is sufficient to prove the hours that they worked and the wages they received, their recollection is not binding on the fact finder. *See Gorman v. Consol. Edison Corp.,* 488 F.3d 586, 590 (2d Cir. 2007). Given Plaintiff' interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to their claimed hours.

    Given the conflicting evidence, the fact that the settlement was negotiated at arms-length with experienced counsel, the settlement amount reflects a total recovery of unpaid wages and

liquidated damages, and the speed of payment, it is respectfully requested that the Court approve the parties' settlement agreement. *See Reyes v. Altamarea Group. LLC,* 10-cv-645I (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011).

    We thank the Court for its attention to this matter.

Respectfully,

_____/s/_____
James F. Sullivan, Esq.
*Attorney for Plaintiff*

_____/s/_____
Nicholas Neonakis, Esq.
*Attorney for Defendants*